E-FILED
 Tuesday, 10 July, 2007  02:58:38 PM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Tommy E. Elliston**
  **Plaintiff,**

   vs.        06-2212

**Dr. Micael Colla,**
  **Defendants.**

**OPINION**

  This case is before the court for a merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

  Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

  The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Background

The plaintiff is an inmate incarcerated in the Illinois Department of Corrections. On October 20, 2006, he filed a lawsuit pursuant to 42 U. S. C. Section 1983 against Dr. Michael V. Colla. The plaintiff claims that Dr. Colla negligently performed surgery on the plaintiff on September 13, 2004 at Carle Hospital. Plaintiff claims the following day, Dr. Colla advised him that he needed a pacemaker. The plaintiff claims he was heavily sedated, but gave legal consent for the surgery. The second surgery was performed on October 18, 2004 by Dr. Saliman.

First, it is clear from the plaintiff's complaint that he realizes he has a statute of limitation problem for within his complaint he ask the court for leniency regarding the statute of limitations. Plaintiff signed his complaint on June 9, 2006, but obviously he did not mail it to the clerk of the court at that time. Even if the plaintiff's complaint could withstand the statute of limitation, he does not allege a federal constitutional violation. There is no basis for an Eighth Amendment violation of deliberate indifference to the plaintiff's medical needs. The plaintiff alleges that Dr. Colla was negligent, which is a state claim. The plaintiff makes no allegations to allow this court to take supplemental jurisdiction over his state claim. Furthermore, Illinois law requires a plaintiff in a malpractice action to attach an affidavit to the complaint, averring that the plaintiff consulted with a qualified physician who in turn concluded that the case has merit. That physician's report must be attached to the Complaint. 735 ILCS 5/2-622(1). The plaintiff does not attach the required affidavit and physician report, so any malpractice claim would necessarily be dismissed.

**Based on the foregoing:**

1. **Based on the foregoing and pursuant to 28 U.S.C. §1915A and Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's entire lawsuit is dismissed.**
2. **Any pending motions are denied as moot and this case is closed.**
3. **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome**

      of the appeal.
5.     Although his lawsuit is dismissed, the plaintiff if still obligated to pay the filing fee in full. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
6.     The clerk of the court is directed to request the plaintiff's trust fund ledgers from his place of incarceration and when ledgers are received forward to the magistrate judge for a payment order for the filing fee.

Enter this   10th   Day of July 2007.


/s Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**